**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

-------------------------------------------------

SURJEET BASSI, JASWINDER CHILANA,
TAJINDER SINGH, SURJIT SINGH,
DARSHAN SINGH CHILANA,

Plaintiffs, COMPLAINT

v.

MOUNT AIRY, NO. 1. LLC d/b/a
MOUNT AIRY CASINO RESORT,

Defendant.

-------------------------------------------------------x

This is an action for national origin discrimination prohibited by Title II of the Civil Rights Act of 1964, 42 U.S.C. section 1981 and the Pennsylvania Human Relations Law. Plaintiffs seek injunctive relief, an award of compensatory and punitive damages and the award of their attorneys' fees and costs.

**PARTIES**

1. Plaintiffs SURJEET BASSI, JASWINDER CHILANA, TAJINDER SINGH, SURJIT SINGH, DARSHAN SINGH CHILANA are five residents of the State of New York. Each is a native of India and resides in the United States. Each speaks Punjabi as his native language. Each is dark-skinned.

2. Defendant MOUNT AIRY, NO. 1. LLC d/b/a MOUNT AIRY CASINO RESORT is a corporation registered to do business and conducting business in the Commonwealth of Pennsylvania. Its business is that of a casino and resort and it engages in interstate commerce as defined by 42 U.S.C. section 2000a et seq.

**JURISDICTION**

3. As this controversy arose in the Commonwealth of Pennsylvania within this judicial district, as plaintiffs allege that defendants violated rights secured to them by federal law, as the state law claim is pendent to the federal claims and arises out of the same nucleus of facts, this Honorable Court has jurisdiction pursuant to 42 U.S.C. sections 2000a, *et seq.* and section 1988 and 28 U.S.C. secs. 1331 and 1343(a)(3) & (4) and 1367.

**STATEMENT OF FACTS**

4. Both on and before January 12, 2023, each plaintiff has entered into a contract with defendant by which he paid defendant for the privilege of entering its casino and playing games of chance and was permitted to do as long as he abided by the posted rules and regulations of the facility.

5. In exchange for their respective funds, defendant was required to treat each plaintiff in a non-discriminatory manner, specifically to not be discriminated against on account of their race, ancestry, or national origin.

6. Defendant operates roulette and blackjack tables and invited paying customers, including plaintiffs, to engage in such games of chance.

7. Each plaintiff was a frequent visitor at defendant's casino, and each had a card representing his level of prior gamesmanship at the casino.

8. On January 12, 2023, the plaintiffs all traveled from their residences/businesses in Orange County, New York to utilize the facilities at defendant’s resort.

9. As they played blackjack, defendants conversed without disturbance or

interruption in their native language, Punjabi, which is native to India and widely spoken there, and the table host gave them no direction to desist in so speaking.

10. Defendant posted no signs prohibiting or limiting plaintiffs or any other guests from so conversing in their native languages.

11. Indeed, on prior visits to the resort's gambling floors, plaintiffs had heard others speaking in their native languages, whether Spanish or Yiddish, without interruption or disturbance, and had spoken in Punjabi without incident or comment in the presence of defendant's agents.

12. Likewise, while defendant had a policy manual governing the operation of its casino facility, it did not prohibit, or purport to prohibit or limit, guests or gamblers from speaking in their native languages as they gambled.

13. However, on this occasion in the late afternoon on January 12, 2023, as they were so engaged, one of defendant's female agents demanded that plaintiffs desist from speaking in Punjabi and advised them if they refused and persisted speaking their own language, she would call security to escort them out of the facility.

14. Plaintiffs did nothing out of the ordinary to provoke or prompt this command.

15. After her commanding utterance, plaintiffs challenged this demand, inquired as to its basis and queried whether the "policy" was in writing.

16. Several of the plaintiffs further explained that they had frequented the casino for several years, spoken their native language while engaging in gambling activities, never before had been provided any such order and noted that defendant has posted no signs compelling them to desist from speaking in their native language or to speak in English only.

17. Despite plaintiffs' objections, the female operator persisted in her direction and told plaintiffs that they must stop speaking in their language or face escort from the facility by security.

18. Plaintiffs requested to speak with a manager and a male manager employed by defendant came to the scene and repeated the same direction and refused to provide confirmation in writing of defendant's "English only" policy.

19. Embarrassed, upset and threatened with escort by security, plaintiffs decided to leave the casino and did so.

20. The following day, a hostess employed by defendant, contacted plaintiff Jaswinder Singh, who carried the highest membership status issued by the defendant casino and was a frequent patron at the resort and its gambling operation.

21. This hostess invited plaintiff Jaswinder Singh to the defendant facility, offering him hospitality, but Singh raised issue with the treatment he and his co-plaintiffs had received the prior day.

22. On behalf of the defendant, the hostess replied in writing [text] that plaintiffs could not converse in their native language while gambling.

23. On account of this edict, plaintiffs have experienced humiliation, embarrassment and the feeling of being second class citizens, excluded from the ability to speak with each other as they choose to do while engaging in the public accommodation defendant provides.

24. On account of this unlawful edict, plaintiffs are denied access to the defendant's publicly available resort.

**AS AND FOR A FIRST CAUSE OF ACTION**

25. Plaintiffs incorporate paras. 1-24 as if fully restated herein.

26. By refusing to contract with them on the same basis as they do with other patrons and by explicitly discriminating against them on behalf of their race and national origin by demanding they not speak their own language while in the gambling area, defendants violated plaintiffs' right to contract on the same terms as English speakers as guaranteed to them by and through 42 U.C.S. section 1981.

**AS AND FOR A SECOND CAUSE OF ACTION**

27. Plaintiffs incorporate paras. 1-26 as if fully restated herein.

28. By discriminating against plaintiffs on account of their national origin, race and ancestry and thereby denying them the right to fully participate in public accommodations which it has otherwise provided to others, defendant violated 42 U.S.C. section 2000a.

**AS AND FOR A THIRD CAUSE OF ACTION**

29. Plaintiffs incorporate paras. 1-28 as if fully restated herein.

30. By discriminating against plaintiffs on account of their national origin, race and ancestry and thereby infringing upon their right to fully participate in public accommodations it provided others, defendant violated the Pennsylvania Human Relations Act.

**WHEREFORE,** plaintiff prays that this Honorable Court accept jurisdiction in this matter, empanel a jury to adjudicate those claims arising under 42 U.S.C. section 1981 and award to plaintiffs compensatory and punitive damages on said claim against defendant, itself adjudicate the claim for injunctive relief enjoining defendant from

preventing plaintiffs from freely using their native language, Punjabi, while participating in the activities offered by the defendant in interstate commerce or punishing them for so doing, order defendant to compensate plaintiffs for the reasonably incurred attorneys' fees and costs required to litigate this matter and enter any other and further relief which the interests of law and equity require.

Dated: February 14, 2023

Respectfully submitted,

VERN S. LAZAROFF
Attorney for Plaintiffs
Office and Post Office Address
145 Pike Street, Suite 1, PO Box 1108
Port Jervis, New York 12771
Telephone Number (845) 856-5335
Email: office@vernlazaroff.com